PS 8
(8/88)

*United States District Court*

for

DISTRICT OF THE NORTHERN MARIANA

FILED
Clerk
District Court

AUG 15 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

U.S.A. vs: Masaioshy D. Sallem          Docket No.  08-00017-002

**Petition for Action on Conditions of Pretrial Release**

COMES  Margarita DLG. Wonenberg  PRETRIAL SERVICES presenting an official report upon the conduct of  Masaioshy D. Sallem  who was placed under pretrial release supervision by the  Alex R. Munson, Chief Judge  sitting in the court  Garapan, Saipan  on the 5th date of  June , 20 08 under the following conditions:

- *The defendant is placed in the custody of Yuriko Chipwelong. He shall not relocate from the residence of the custodian without written permission of the court.*

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

(If short insert here; if lengthy write on separate sheet and attach)

Please refer to attached narrative.

PRAYING THAT THE COURT WILL

Pursuant to 18 U.S.C. §3148, order that a summons be issued, and that this matter be set for a hearing, and at that hearing, the defendant be held to answer or show cause why bail should not be revoked or why conditions of release should not be modified, or for any other matter for which the Court may deem just

ORDER OF COURT                    ISSUE A SUMMONS [ ]   Respectfully,

                                  ISSUE A WARRANT [✓]

                                  NO ACTION [ ]

Considered and Ordered this 15 day of August, 2008 and ordered filed and made a part of the records in the above case.

_____
U.S. District Designated Judge

_____
MARGARITA DLG. WONENBERG
U.S. Pretrial Services Officer

Place:  Garapan, Saipan

Date:  8/15/08

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | USDC Cr.Cs. No. 08-00017-002 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **VIOLATION REPORT** |
| | ) | |
| MASAIOSHY D. SALLEM | ) | |
| Defendant. | ) | |
| | ) | |

On May 15, 2008, the Defendant, Masaioshy D. Sallem appeared for an Initial Appearance Hearing on an Indictment which charged <u>Ct. I</u>: Conspiracy to Sell Government Property, in violation of 18 U.S.C. §§ 371 and 641; <u>Ct. II</u>: Theft of Government Property, in violation of 18 U.S.C. §§ 371 and 641. The defendant, through Defense Attorney, Steven Pixley, pled not guilty to the charges. The Court set jury trial and ordered the defendant remanded to the custody of the U.S. Marshals until further order.

On June 5, 2008, the defendant appeared for a Bail Hearing and was released on a $5,000 unsecured bond and to the custody of Yuriko Chipwelong. Release conditions included that the defendant: report for pretrial supervision; surrender passport and not obtain any passport; not leave Saipan without written permission from the court; not relocate from the residence of the custodian without written permission of the court; avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to his co-defendants unless in the presence of his attorney and for preparation of his defense; refrain from possessing a firearm, destructive device, or other dangerous weapon; refrain from any use of alcohol; refrain from use or unlawful possession of a narcotic drug or other controlled substance; submit to any method of testing required by the pretrial services officer or the supervising officer for determining whether the defendant is using a prohibited substance; refrain from obstructing or attempting to obstruct or tamper with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is required as a condition of release; and draw a map indicating the residence location of his third party custodian.

The defendant was released under conditions as imposed. He is alleged to have violated the following condition of his pretrial release:

**Condition of Release:** *The defendant is placed in the custody of Yuriko Chipwelong. He shall not relocate from the residence of the custodian without written permission of the court.*

On July 28, 2008, this officer received a telephone call from Yuriko Chipwelong stating that her son, Masaioshy Sallem, had not returned home after he left for work on July 23, 2008. She stated that she did not know why her son did not return home and is worried about her responsibilities as third party custodian. Ms. Chipwelong reported that her son has been drinking alcohol and gambling his money at various poker places on Saipan.

Violation Report
Re: Masaioshy D. Sallem
Criminal Case No.: 08-00017-002
Page 2

On July 30, 2008, Mr. Sallem was confronted by this officer regarding the allegations of his mother, Yuriko Chipwelong. He admitted to relocating his residence without written permission of the court, and stated that he did so because his mother demanded that he move out after an argument about doing chores around the house. He related that he does not want to return to his mother's house.

**Recommendation:** This officer respectfully submits that pursuant to 18 U.S.C. §3148, the court order that a summons be issued, and that this matter be set for a hearing, and at that hearing, the defendant be held to answer or show cause why bail should not be revoked or why conditions of release should not be modified, or for any other matter for which the Court may deem just and proper.

Respectfully submitted this 15th day of August 2008.

ROSSANNA VILLAGOMEZ-AGUON
Chief U.S. Probation Officer

By: MARGARITA DLG. WONENBERG
U.S. Probation Officer

Reviewed by:

CARMEN D. O'MALLAN
U.S. Probation Officer Specialist
Supervision Unit Leader

cc: Beverly R. McCallum, Assistant United States Attorney
    Steven P. Pixley, Defense Attorney
    File

≈AO 199A (Rev. 6/97) Order Setting Conditions of Release   Page 1 of 3 pages(s)

RECEIVED
JUN 0 5 2008
U.S. Probation Office
District of NMI

Original Filed on this date

JUN - 5 2008
Clerk
District Court
For The Northern Mariana Islands

# United States District Court

─────── District of the Northern Mariana Islands ───────

| UNITED STATES OF AMERICA | ORDER SETTING CONDITIONS |
| V. | OF RELEASE |
| MASAIOSHY DAIKICHI SALLEM | CASE NUMBER: CR-08-00017-002 |
| Defendant | |

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified) __United States District Court__
Place
__Horiguchi Building, Room 101__ on __7/14/2008 at 9:00 a.m.__
Date and Time

## RELEASE ON PERSONAL RECOGNIZANCE OR UNSECURED BOND

IT IS FURTHER ORDERED that the defendant be released provided that:

[✓] (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

[✓] (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of __Five Thousand__ dollars ($ __5,000.00__ ) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL   SERVICES   U.S. ATTORNEY   U.S. MARSHAL

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.
IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

[✓] (6) The defendant is placed in the custody of:
(Name of person or organization) YURIKO CHIPWELONG
(Address) _____
(City and state) Saipan, MP _____ (Tel. No.) _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _Chipwelong_  06/05/08
Custodian or Proxy    Date

[✓] (7) The defendant shall:
[✓] (a) report to the U.S. Probation Office for Pretrial Supervision Services
telephone number _____, not later than _____
[ ] (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
[ ] (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described
[ ] (d) execute a bail bond with solvent sureties in the amount of $_____.
[ ] (e) maintain or actively seek employment.
[ ] (f) maintain or commence an education program.
[✓] (g) surrender any passport to: Clerk of Court, U.S. District Court, Northern Mariana Islands, 2nd Floor Horiguchi Building., Beach Road, Garapan, Saipan
[✓] (h) obtain no passport.
[✓] (i) abide by the following restrictions on personal association, place of abode, or travel:
Not leave the island of Saipan w/out written permission of the Court. Not relocate from the residence of the custodian w/out written permission of Court.
[✓] (j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: his co-defendants unless in the presence of his attorney and for preparation of his defense in this case.
[ ] (k) undergo medical or psychiatric treatment and/or remain in an institution as follows: _____
[ ] (l) return to custody each (week) day as of _____ o'clock after being released each (week) day as of _____ o'clock for employment, schooling, or the following limited purpose(s):
[ ] (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.
[✓] (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
[✓] (o) refrain from [✓] any [ ] excessive use of alcohol.
[✓] (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
[✓] (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
[ ] (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.
[✓] (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.
[ ] (t) participate in one of the following home confinement program components and abide by all the requirements of the program which [ ] will or [ ] will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
    [ ] (i) **Curfew.** You are restricted to your residence every day [ ] from _____ to _____, or [ ] as directed by the pretrial services office or supervising officer; or
    [ ] (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
    [ ] (iii) **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.
[ ] (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
[✓] (v) Defendant shall draw a map indicating the location of the residence in which he will be residing (3rd-party custodian's house).
[ ] (w) _____
[ ] (x) _____

DISTRIBUTION: COURT  DEFENDANT  PRETRIAL SERVICES  U.S. ATTORNEY  U.S. MARSHAL

AO 199C    (Rev.6/97) Advise of Penalties . . .                                         Page __3__ of __3__ page(s)

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

    A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

    The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

    Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

    If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

    A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## ACKNOWLEDGMENT OF DEFENDANT

    I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
MASAYOSHY DAIKICHI SALLEM
Signature of Defendant

_____
Address

SAIPAN, MP 96950
City and State                     Telephone

## DIRECTIONS TO UNITED STATES MARSHAL

☐ The defendant is ORDERED released after processing.
☑ The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: ____6-5-08____                                    _____
                                                        Signature of Judicial Officer

                                                        Honorable, Alex R. Munson, Chief Judge
                                                        Name and Title of Judicial Officer

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL

≈AO 98    (Rev. 8/85) Appearance Bond

# United States District Court
### District of the Northern Mariana Islands

UNITED STATES OF AMERICA

v.

MASAIOSHY DAIKICHI SALLEM
Defendant

**APPEARANCE BOND**

CASE NUMBER: CR-08-00017-002

COPY of Original Filed on this date

JUN - 5 2008

Clerk
District Court
For The Northern Mariana Islands

Non-surety: I, the undersigned defendant acknowledge that I and my . . .
Surety: We, the undersigned, jointly and severally acknowledge that we and our . . .
personal representatives, jointly and severally, are bound to pay to the United States of America the sum of
$ 5,000.00                          , and there has been deposited in the Registry of the Court the sum of
$ _____ in cash or _____ (describe other security.)

The conditions of this bond are that the defendant _____MASAIOSHY DAIKICHI SALLEM_____
(Name)
is to appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment, may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

This bond is signed on _____ at  Office of the Clerk, Horiguchi Building, Garapan, Saipan
                                Date                                                    Place

Defendant:  MASAIOSHY DAIKICHI SALLEM       Address: _____

Surety: _____                      Address: _____

Surety: _____                      Address: _____

Signed and acknowledged before me on  6-5-08
                                        Date
                                        K. Lynn Lemieux, Deputy Clerk
                                        Judicial Officer/Clerk

Approved:  Honorable, Alex R. Munson, Chief Judge
           Judicial Officer